## PEOPLES BANK OF BUFFALO v SCALI et

Ohio Appeals, 7th Dist, Mahoning Co
Decided Oct 4, 1929

McKain & Ohl, Youngstown, for Bank.
David Steiner, Youngstown, for Scali, et

**FARR, J.**

It is well settled that there are two conditions especially under which a recovery may be had of the value of a husband's services in his wife's business; one where in connection with the wife's property or business there is substantial property traceable to his skill and labor, and the other where the property and business is in fact owned by the husband but operated and conducted in his wife's name.

It is to be observed that the allegations of the petition do not come within either of the propositions just mentioned. Perhaps there is no better exposition of the conditions under which a recovery may be had by a creditor for services of a husband in connection with his wife's property, than is found in 13 R. C. L., 1159, 1160. Section 186 provides as follows:

"Rights of Creditors of Husband; The creditors of a husband have no right as a general rule to subject the wife's separate property to the payment of their claims against the husband, and the fact that he has the management of his wife's separate property will not affect her title to it insofar as his creditors are concerned. The courts have not as a general rule hesitated to enjoin the creditors of a husband from suing on execution the separate property of the wife. Where a husband, with or without compensation, renders services in the management of the wife's separate estate or business, it is generally considered that his creditors have no rights in the increase, profits or income of her estate which can be subjected to the payment of their claims. The reason for this view is that the husband cannot be compelled to labor for his creditors; and generally speaking, as a man is entitled to a support out of his own labor and is under obligation to support his wife and family, the courts from the necessity of the case, have felt themselves constrained to say that from the mere fact that a husband devotes his time and labor to his wife's separate estate, the resulting profits do not go to him or his creditors."

The foregoing is perhaps sufficient upon the issue under consideration. It is disclosed that while a husband may be employed in connection with his wife's business, and his earnings may go somewhat to the increase of the property, yet upon the theory that he is himself entitled to a competence sufficient for his own support, and that he is obliged to support his wife and family, the courts have seen fit to announce the principle that the husband's earnings or contributions to the property of the wife under such circumstances are not separable from the wife's property and to the effect that it may become the basis of a creditors bill or of an execution.

In the instant case it is simply alleged that the husband was engaged in connection with the work of the American Importing Company, where a third party was interested with the wife. It is also alleged that he had had helpful business experience that contributed to the success of the wife's business, but it is noticeable that there is no allegation that this was the business of the husband or that his money conducted any business in his wife's name, though belonging to him. There is simply the allegation that it was the business of the Importing Company, that his services inured to the success of the business venture and that his services were worth a certain amount of money, which does not bring the claims of the plaintiff here under the rules announced and under which a recovery of the husband's earnings may be had in behalf o fcreditors.

The conclusion is that the demurrer was properly sustained by the court below, and a finding will be made in this case in behalf of the defendants.

Pollock and Roberts, JJ., concur.